UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION NO: 24-CV-98** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **ADMINISTRATORS OF TULANE EDUCATIONAL FUND** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

Before the Court is a Motion to Proceed Under Pseudonym filed by Plaintiff John Doe ("John Doe"). R. Doc. 4. Defendant Administrators of Tulane Educational Fund ("Defendant") has not yet appeared and has not filed a response to John Doe's motion. For the reasons assigned below, John Doe's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

In August 2022, John Doe and Jane Roe, both of whom were students at Tulane University ("Tulane"), had sexual intercourse. R. Doc. 1 at ¶ 2. Shortly after, Jane Roe reported to Tulane that the encounter was not consensual, and Tulane opened an investigation. *Id.* As part of the investigation, an investigator from Tulane spoke with a number of student witnesses, including a student John Doe refers to as S.U., who "is friends with Jane Roe" and "claimed [during the investigation] that John Doe had sexually assaulted her in the past." *Id.* at ¶ 186. The investigator ultimately concluded John Doe had violated Tulane's Code of Student Conduct, and Tulane suspended John Doe. *Id.* at ¶¶ 2-3. On January 10, 2024, John Doe filed suit in this Court, alleging, among other things, that the disciplinary proceedings conducted by Tulane violated Title IX of the Education Amendments of 1972 ("Title IX"). *Id.* at ¶ 213. The same day, John Doe filed the instant Motion to Proceed Under Pseudonym, asking the Court to (1) allow John Doe and Jane Roe to be referred to by pseudonyms; (2) allow all student witnesses to be referred to by their

initials; and (3) require documents identifying John Doe, Jane Roe, and/or the student witnesses to be redacted or filed under seal. R. Doc. 4 at 3-4.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure require that "[t]he title of the complaint . . . name all the parties." FED. R. CIV. P. 10(a). In certain cases, however, a litigant may be allowed to proceed anonymously or under a pseudonym. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). To do so, the Fifth Circuit "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 186. In weighing these considerations, courts consider "whether the plaintiff seeking anonymity is suing to challenge governmental activity, whether prosecution of the case will compel plaintiff to disclose information 'of the utmost intimacy,' and whether the plaintiff will be compelled to admit his intention to engage in illegal conduct." *Doe v. La. State Univ.*, No. 20-CV-379, 2020 WL 6493768, at *1 (M.D. La. June 30, 2020) (quoting *Stegall*, 653 F.2d at 185). No single factor is dispositive, and "[i]n the end, the primary concern underlying the relevant factors is whether the plaintiff likely would suffer real and serious harm if [he] were not permitted to use a pseudonym." *Doe ex rel. Doe v. Harris*, No. 14-CV-802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014) (citing *Victoria W. v. Larpenter*, No. 00-CV-1960, 2001 WL 406334, at *1 (E.D. La. Apr. 17, 2001)).

The aforementioned factors weigh in favor of allowing John Doe, Jane Roe, and S.U. to remain anonymous in these proceedings.[1] While the first factor is inapplicable because John Doe does not challenge a governmental activity, the remaining factors outlined by the Fifth Circuit, as well as additional considerations, weigh in favor of anonymity. Importantly, the incident giving

---

[1] *See Doe v. Univ. of Miss.*, No. 18-CV-138, 2018 WL 1703013, at *2 (S.D. Miss. Apr. 6, 2018) (applying the same factors in determining whether to allow non-parties to use pseudonyms).

2

rise to this lawsuit implicates two sexual encounters—one between John Doe and Jane Roe and the other between John Doe and S.U. Resolution of John Doe's claims could certainly necessitate the disclosure of intimate and sensitive details as to all three parties, and disclosure of such information is bound to cause serious harm. *See Doe v. Univ. of Miss.*, 2018 WL 1703013, at *2 (allowing the plaintiff and the alleged sexual assault victim to proceed under pseudonym because the plaintiff's "suit requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime"). Also important to the Court's decision is that John Doe's claims are based on an investigation from which he was found to have sexually assaulted Jane Roe and during which he was accused of sexually assaulting S.U. Jane Roe and S.U.'s allegations against John Doe, "if believed, may be construed by some to constitute criminal conduct or to warrant 'an opprobrium analogous to the infamy associated with criminal behavior.'" *Id.* (quoting *Stegall*, 653 F.2d at 186). Finally, Defendant will face no prejudice if John Doe and Jane Roe proceed by pseudonym and S.U. by her initials because Defendant knows the identity of all three parties and "will be able to conduct the litigation without impediment." *Doe v. La. State Univ.*, 2020 WL 6493768, at *2 (citing *Doe v. Colgate Univ.*, No. 15-CV-1069, 2016 WL 1448829, at *3 (N.D. N.Y. Apr. 12, 2016)).

In addition to the factors outlined by the Fifth Circuit, the Court notes the concern of heightened media attention in cases such as this. "[T]his particular type of case, in which a male student sues a university that found him guilty of committing sexual assault after an allegedly flawed and deficient disciplinary proceeding, is a target for increased media attention." *Id.* Such increased attention "pos[es] the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Id.* (quoting *Colgate*, 2016 WL 1448829, at *2). For these reasons, the Court allows John Doe and Jane Roe to proceed pseudonymously and for S.U. to proceed by her initials.

The Court does not find on the showing made, however, that there is any reason to maintain the anonymity of any of the other student witnesses. John Doe alleges the potential media exposure in this case "poses an additional risk of harm to [John Doe], Jane Roe, and the witnesses." R. Doc. 4-1 at 3. The Court believes this is true for John Doe, Jane Roe, and S.U., as explained above. John Doe does not explain, however, what harm could come to witnesses who spoke to the Tulane investigator about things like Jane Roe's sobriety the night of the alleged incident and her attitude towards John Doe in the days following their encounter. John Doe has not established how disclosing these student witnesses' identities would cause them harm or risk disclosure of the identities of John Doe, Jane Roe, or S.U.

## CONCLUSION

For the foregoing reasons, John Doe's Motion to Proceed Under Pseudonym (Record Document 4) is **GRANTED IN PART** and **DENIED IN PART**, and the Court **ORDERS** as follows:

1. Plaintiff shall be referred to as John Doe;
2. The woman whose accusation of sexual assault caused an investigation shall be referred to as Jane Roe;
3. The woman who accused John Doe of sexual assault during the investigation shall be referred to as S.U.;
4. To the extent either party files a document containing the name or other identifying personal information of John Doe, Jane Roe, or S.U., the filing party shall redact such identifying information prior to filing;
5. The parties shall, at this time, refer to all student witnesses other than S.U. by their names; and

6. Counsel for John Doe shall file under seal a copy of the Complaint containing the legal names of John Doe, Jane Roe, and S.U. and provide a copy of that version of the Complaint to Defendant.

New Orleans, Louisiana, this 19th day of January 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**